1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

14

| | |
|---|---|
| NANCY BESS, individually, and as Personal Representative of the Estate of Gary Ray Bess, deceased, and on behalf of others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>                Defendants. | CASE NO. C15-5020 BHS<br><br>ORDER GRANTING DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

15

16

17

18

19

This matter comes before the Court on Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion and grants leave to amend for the reasons stated herein.

20

## I. PROCEDURAL HISTORY

21

22

On November 10, 2014, Plaintiff Nancy Bess ("Bess") filed a class action complaint against Defendants Ocwen and GMAC Mortgage, LLC ("GMAC") in Kitsap

1  County Superior Court.  Dkt. 1, Ex. A ("Comp.").  Bess alleges the following claims: (1)

2  common law trespass; (2) statutory trespass; (3) violations of chapter 61.24 RCW,

3  Washington's Deed of Trust Act ("DTA"); (4) violations of chapter 19.86 RCW,

4  Washington's Consumer Protection Act ("CPA"); (5) breach of contract; and (6) unjust

5  enrichment.  *Id.* ¶¶ 5.1–11.10.  Bess brings these claims as an individual, on behalf of the

6  purported class, and as the personal representative of the Estate of Gary Bess ("Estate").

7  *Id.* ¶ 1.1.

8      On January 12, 2015, Ocwen removed the case to this Court.  Dkt. 1.

9      On January 13, 2015, Ocwen moved to dismiss all of Bess's claims.  Dkt. 6.  On

10  February 2, 2017, Bess responded.  Dkt. 17.  On February 6, 2015, Ocwen replied.  Dkt.

11  18.

12      On February 18, 2014, Bess voluntarily dismissed the claims against GMAC.  Dkt.

13  21.

14  **II. FACTUAL BACKGROUND**

15      In July 2000, Gary Bess purchased a single family residence in Port Orchard,

16  Washington ("Bess residence").  Comp. ¶ 4.1.  In 2007, Gary Bess married Nancy Bess.

17  *Id.* ¶ 4.2.  Gary Bess and Nancy Bess resided at the Bess residence.  *Id.*

18      In November 2007, Gary Bess obtained a mortgage loan from GMAC.  *Id.* ¶ 4.3.

19  The loan was secured by a Deed of Trust on the Bess residence.  *Id.* ¶ 4.4.  Although

20  Gary Bess is identified as the sole borrower on the Deed of Trust, both Gary Bess and

21  Nancy Bess executed the Deed of Trust.  Dkt. 7, Declaration of Joanne Hepburn

22  ("Hepburn Dec."), Ex. 1 at 2, 15.

The Deed of Trust obligates the borrower to "pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." *Id.* at 5. If the borrower fails to comply with the Deed of Trust's provisions, the lender or its successors and assigns may take certain actions to secure the property. *Id.* at 9. The Deed of Trust provides, in relevant part, as follows:

> If (a) Borrower fails to perform the covenants and agreements contained in [the Deed of Trust] . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under [the Deed of Trust], including protecting and/or assessing the value of the Property and securing and/or repairing the Property. . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.

*Id.*

On May 27, 2012, Gary Bess died intestate. *Id.* ¶ 4.8. Nancy Bess continued to reside at the Bess residence. *Id.* The loan obligations became delinquent following Gary Bess's death. *Id.* ¶ 4.9.

The Deed of Trust was ultimately assigned to Ocwen. *Id.* ¶ 4.7. On October 31, 2013, "Ocwen and/or GMAC, and/or their agents" entered the Bess residence and removed existing locks, installed new locks, placed a lock-box on the residence, and removed personal property. *Id.* ¶¶ 4.10–4.14.

On March 7, 2014, Ocwen initiated non-judicial foreclosure proceedings on the Bess residence by sending a Notice of Default to Bess. *Id.* ¶ 4.17. On July 29, 2014, the non-judicial foreclosure was completed when a Trustee's Deed was recorded. *Id.* ¶ 4.18.

# III. DISCUSSION

Ocwen moves to dismiss all of Bess's claims.  Dkt. 6.

## A.    Standard of Review

Bess argues that Ocwen's motion should be denied because Ocwen relies on an erroneous standard of review: Washington State Court Rule 12(b)(6).  Dkt. 17 at 2.  In response, Ocwen argues that it originally filed the motion in Kitsap County Superior Court prior to removal to this Court.  *See* Dkt. 1 ¶¶ 3–5, Ex. B.  At the time of removal, Ocwen's motion had not been decided and Bess had not responded.  Dkt. 18 at 2.  Ocwen renoted the motion in this Court following removal.  *Id.*

It is undisputed that Bess's complaint became subject to scrutiny under federal pleading standards once it was removed.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Accordingly, the Court will review Ocwen's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## B.    Rule 12(b)(6)

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements

of a cause of action.  *Twombly*, 127 S. Ct. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

Generally, the scope of review on a motion to dismiss is limited to the contents of the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The Court, however, may consider documents that are not attached to the complaint "if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them."  *Id.* (internal quotation marks omitted).  Bess references the Deed of Trust numerous times throughout her complaint.  *See generally* Comp.  Because the Deed of Trust's authenticity is not disputed and Bess's complaint necessarily relies on it, the Court will consider the Deed of Trust in connection with this motion.

**C.    Motion to Dismiss**

**1.    Trespass Claims**

Bess alleges claims against Ocwen for common law trespass and for violating Washington's trespass statute, RCW 4.24.630.  *Id.* ¶¶ 5.1–6.9.  Ocwen argues that Bess's trespass claims should be dismissed because the Deed of Trust authorized Ocwen to enter the Bess residence.  Dkt. 6 at 7–8.

To state a claim for common law trespass under Washington law, a plaintiff must allege "(1) an invasion of property affecting an interest in exclusive possession, (2) an intentional act, (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest, and (4) actual and substantial damages."  *Grundy v. Brack Family Trust*, 151 Wn. App. 557, 567 (2009).  To state a claim under RCW 4.24.630, a plaintiff must demonstrate that "the defendant intentionally and unreasonably committed one or

more [specified] acts *and* knew or had reason to know that he or she lacked authorization." *Clipse v. Michels Pipeline Constr., Inc.*, 154 Wn. App. 573, 580 (2010). An entry upon another person's land that might otherwise be wrongful does not constitute trespass if it is a privileged entry. *See Brutsche v. City of Kent*, 164 Wn.2d 664, 673–76 (2008).

Under the circumstances alleged in the complaint, Ocwen had a reasonable basis to believe it had authority to enter the Bess residence and conduct property preservation activities. The Deed of Trust provides that Ocwen could enter the Bess residence and secure the property if the borrower failed to make loan payments. Hepburn Dec., Ex. 1 at 9. Bess admits that she defaulted on the loan following Gary Bess's death. Comp. ¶ 4.9. Following Bess's default, Ocwen entered the Bess residence and engaged in property preservation measures. *Id.* ¶¶ 4.10, 4.13. Ocwen took these actions in reliance on the Deed of Trust. *Id.* ¶¶ 4.10, 4.13. Given the terms of the Deed of Trust, Ocwen's alleged actions are a legally insufficient basis for Bess's common law trespass and statutory trespass claims. The Court grants Ocwen's motion to dismiss Bess's trespass claims.

### 2. DTA Claim

Bess alleges that Ocwen violated the DTA by entering the Bess residence. *Id.* ¶ 7.3. Bess also alleges that the Deed of Trust's entry and property preservation provisions violate the DTA. *Id.* ¶¶ 7.1–7.2. Ocwen contends that Bess fails to state a claim under the DTA because she does not cite to a specific statutory provision. Dkt. 6 at 10.

The DTA "sets out the procedures that must be followed to properly foreclose a debt secured by a deed of trust." *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1168–69 (W.D. Wash. 2011). A borrower may sue for damages when a lender violates the terms of the DTA during the course of a non-judicial foreclosure sale. *Robertson v. GMAC Mortg., LLC*, 982 F. Supp. 2d 1202, 1206 (W.D. Wash. 2013).

Here, Bess fails to state a claim under the DTA. First, Bess does not cite a single provision of the DTA to support her cause of action. Rather, Bess cites generally to the entire DTA without specifying any provision that Ocwen allegedly violated. Such bare allegations are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Additionally, Ocwen's alleged actions occurred before any non-judicial foreclosure proceeding had commenced. Finally, even if Bess could make out a claim for violation of the DTA, she failed to bring an action to enjoin the foreclosure sale and thus waived any DTA claim. *See* RCW 61.24.127(1); *Gossen*, 819 F. Supp. 2d at 1169. The Court therefore grants Ocwen's motion to dismiss on this issue.

### 3.    CPA Claims

Bess asserts two CPA claims. First, Bess alleges that Ocwen's reliance on the Deed of Trust's entry provision violated the CPA. Comp. ¶¶ 8.1–8.8. Second, Bess alleges that Ocwen's entry and property preservation activities violated the CPA. *Id.* ¶¶ 9.1–9.8. Ocwen contends that Bess has failed to state a claim under the CPA. Dkt. 6 at 12–14.

To state a claim under the CPA, a plaintiff must allege five elements: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) that affects the public interest;

(4) which causes injury to the plaintiff in her business or property; and (5) the injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85 (1986).

Bess fails to state a CPA claim to the extent that she alleges Ocwen violated the DTA. As discussed above, Bess's DTA claim is deficient for several reasons. Bess also fails to state a plausible CPA claim irrespective of Ocwen's alleged DTA violations. In her complaint, Bess recites the elements for a CPA cause of action, but fails to plead specific facts to support those elements. "[A] formulaic recitation of the elements of a cause of action" is insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. The Court grants Ocwen's motion to dismiss the CPA claims.

### 4.     Breach of Contract Claim

Bess alleges that Ocwen breached the Deed of Trust because Ocwen did not act in good faith and failed to comply with Washington state law. Comp. ¶¶ 10.2–10.17. Ocwen again argues that Bess's claim is deficiently pled. Dkt. 6 at 14.

In Washington, a breach of contract is actionable only if (1) the contract imposes a duty, (2) the duty is breached, and (3) the breach proximately caused damage to plaintiff. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712 (1995).

In her complaint, Bess does not identify a specific contractual provision that Ocwen breached. Instead, Bess alleges that Ocwen generally failed to act in accordance with the duty of good faith and fair dealing. Washington courts, however, "have consistently held there is no 'free-floating' duty of good faith and fair dealing that is unattached to an existing contract." *Keystone Land & Dev. Co. v. Xerox Corp.*, 152

1   Wn.2d 171, 177 (2004).  "Thus, the duty arises only in connection with terms agreed to

2   by the parties."  *Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991).  Bess's

3   failure to identify a specific contractual provision is fatal to her breach of contract claim.

4   The Court grants Ocwen's motion to dismiss on this issue.

5        **5.    Unjust Enrichment Claim**

6        Bess alleges that Ocwen was unjustly enriched when it entered the Bess residence,

7   took property preservation actions, deprived Bess of quiet and peaceful possession, and

8   did not pay reasonable rent.  Comp. ¶¶ 11.1–11.2.  Ocwen contends that Bess's unjust

9   enrichment claim fails because the parties had a contractual relationship.  Dkt. 6 at 17.

10       "Unjust enrichment is the method of recovery for the value of the benefit retained

11  absent any contractual relationship because notions of fairness and justice require it."

12  *Austin v. Ettl*, 171 Wn. App. 82, 92 (2012).  An unjust enrichment claim consists of three

13  elements: "(1) a plaintiff conferred a benefit upon the defendant, (2) the defendant had

14  knowledge or appreciation of the benefit, and (3) the defendant's accepting or retaining

15  the benefit without the payment of its value is inequitable under the circumstances of the

16  case."  *Id.*

17       Bess fails to state a claim for unjust enrichment.  First, Bess does not plead

18  sufficient facts to satisfy the first element.  Second, the Deed of Trust covers the subject

19  matter of Bess's unjust enrichment claim.  Bess's unjust enrichment claim is premised on

20  Ocwen's alleged property preservation actions that occurred after Bess defaulted on the

21  loan.  The Deed of Trust provides that Ocwen could enter the Bess residence and secure

22  the property if the borrower failed to make loan payments.  Hepburn Dec., Ex. 1 at 9.

1    Accordingly, Bess cannot proceed against Ocwen under an unjust enrichment theory.  *See*

2    *MacDonald v. Hayner*, 43 Wn. App. 81, 86 (1996) ("A party to a valid express contract is

3    bound by the provisions of that contract, and may not disregard the same and bring an

4    action on an implied contract relating to the same matter, in contravention of the express

5    contract.").  The Court grants Ocwen's motion to dismiss this claim.

6         **6.     Standing**

7         Bess brings claims against Ocwen as an individual, on behalf of the purported

8    class, and as the personal representative of the Estate.  *See* Comp. ¶ 1.1.  Ocwen contends

9    that Bess lacks standing to bring claims as the Estate's personal representative.  Dkt. 6 at

10   18.

11        "A plaintiff must demonstrate standing for each claim he or she seeks to press and

12   for each form of relief sought."  *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th

13   Cir. 2013).  To establish standing, a plaintiff must show: (1) that he or she suffered an

14   injury in fact; (2) that is fairly traceable to the alleged conduct of the defendant; and (3)

15   that is likely to be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504

16   U.S. 555, 560–61 (1992).  "At the pleading stage, general factual allegations of injury

17   resulting from the defendant's conduct may suffice . . . ."  *Id.* at 561.  Here, Bess has

18   failed to make a proper showing that she has standing to seek relief on behalf of the

19   Estate.  The Court grants Ocwen's motion on this issue.

20   **D.    Leave to Amend**

21        Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P.

22   15(a).  "If the underlying facts or circumstances relied upon by a plaintiff may be a

1    proper subject of relief, he ought to be afforded an opportunity to test his claim on the

2    merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  On a Rule 12(b)(6) motion, "a

3    district court should grant leave to amend even if no request to amend the pleading was

4    made, unless it determines that the pleading could not possibly be cured by the allegation

5    of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

6         Here, the Court finds that Bess's trespass, DTA, and unjust enrichment claims

7    cannot be cured by any amendment.  However, it appears possible that Bess could cure

8    the defects in her remaining claims by providing more specific allegations.  The Court

9    therefore grants Bess leave to amend her CPA and breach of contract claims.

10                                    **IV. ORDER**

11        Therefore, it is hereby **ORDERED** that Ocwen's motion to dismiss (Dkt. 17) is

12   **GRANTED**.  Bess is **GRANTED leave to amend** her complaint as stated herein.  Bess

13   shall file an amended complaint no later than March 27, 2015.

14        Dated this 16th day of March, 2015.

15

16   _____

17   BENJAMIN H. SETTLE
     United States District Judge

18

19

20

21

22