UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NANCY BESS, individually, and as Personal Representative of the Estate of Gary Ray Bess, deceased, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | CASE NO. C15-5020 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss Plaintiff Nancy Bess's ("Bess") first amended complaint (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Ocwen's motion and grants Bess leave to amend for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 10, 2014, Bess filed a class action complaint against Ocwen in Kitsap County Superior Court. Dkt. 1, Ex. A ("Comp."). Bess alleged the following claims: (1) common law trespass; (2) statutory trespass; (3) violations of chapter 61.24 RCW, Washington's Deed of Trust Act ("DTA"); (4) violations of chapter 19.86 RCW,

ORDER - 1

Washington's Consumer Protection Act ("CPA"); (5) breach of contract; and (6) unjust enrichment. *Id.* ¶¶ 5.1–11.10. Bess brought her claims as an individual and as the personal representative for the Estate of Gary Bess ("Estate"). *Id.* ¶ 1.1. On January 12, 2015, Ocwen removed the case to this Court. Dkt. 1.

On January 13, 2015, Ocwen moved to dismiss Bess's claims. Dkt. 6. On March 16, 2015, the Court granted Ocwen's motion. Dkt. 22. The Court dismissed Bess's common law trespass, statutory trespass, DTA, and unjust enrichment claims without leave to amend. *Id.* at 11. The Court found that these claims could not be cured by any amendment. *Id.* The Court granted Bess leave to amend her breach of contract and CPA claims. *Id.* Finally, the Court determined that Bess lacked standing to bring claims as the personal representative for the Estate. *Id.* at 10.

On March 27, 2015, Bess filed her first amended complaint. Dkt. 23 ("FAC"). Bess alleges the following claims against Ocwen: (1) common law trespass; (2) statutory trespass; (3) violation of RCW 7.28.230; (4) violation of the DTA; (5) violations of the CPA; (6) breach of contract; and (7) unjust enrichment. *Id.* ¶¶ 5.1–13.11. Bess brings her claims as an individual and as the personal representative for the Estate. *Id.* ¶ 1.1.

On April 9, 2015, Ocwen moved to dismiss Bess's amended complaint. Dkt. 24. On April 27, 2015, Bess responded. Dkt. 28. On May 1, 2015, Ocwen replied. Dkt. 29.

## II. FACTUAL BACKGROUND

In July 2000, Gary Bess purchased a single-family residence in Port Orchard, Washington ("Bess residence"). FAC ¶ 4.1. In 2007, Gary Bess married Nancy Bess. *Id.* ¶ 4.2. Gary Bess and Nancy Bess resided at the Bess residence. *Id.*

1         In November 2007, Gary Bess obtained a mortgage loan from GMAC Mortgage
2 LLC. *Id.* ¶ 4.3. The loan was secured by a Deed of Trust on the Bess residence. *Id.*
3 ¶ 4.4. Although Gary Bess is identified as the sole borrower on the Deed of Trust, both
4 Gary Bess and Nancy Bess executed the Deed of Trust. Dkt. 7, Declaration of Joanne
5 Hepburn ("Hepburn Dec."), Ex. 1 at 2, 15.

6         The Deed of Trust obligates the borrower to "pay when due the principal of, and
7 interest on, the debt evidenced by the Note and any prepayment charges and late charges
8 due under the Note." *Id.* at 5. If the borrower fails to comply with the Deed of Trust's
9 provisions, the lender or its successors and assigns may take certain actions to secure the
10 property. *Id.* at 9. The Deed of Trust provides, in relevant part, as follows:

> If (a) Borrower fails to perform the covenants and agreements contained in
> [the Deed of Trust] . . . then Lender may do and pay for whatever is
> reasonable or appropriate to protect Lender's interest in the Property and
> rights under [the Deed of Trust], including protecting and/or assessing the
> value of the Property and securing and/or repairing the
> Property. . . . Securing the Property includes, but is not limited to, entering
> the Property to make repairs, change locks, replace or board up doors and
> windows, drain water from pipes, eliminate building or other code
> violations or dangerous conditions, and have utilities turned on or off.

16 *Id.*

17         On May 27, 2012, Gary Bess died intestate. FAC ¶ 4.9. Nancy Bess continued to
18 reside at the Bess residence. *Id.* The loan obligations became delinquent following Gary
19 Bess's death. *Id.* ¶ 4.10.

20         The Deed of Trust was ultimately assigned to Ocwen. *Id.* ¶ 4.8. On October 31,
21 2013, "Ocwen and/or its agents" entered the Bess residence and removed existing locks,

installed new locks, placed a lock-box on the residence, and removed personal property. *Id.* ¶¶ 4.10, 4.14.

On March 7, 2014, Ocwen initiated non-judicial foreclosure proceedings on the Bess residence by sending a Notice of Default to Bess. *Id.* ¶ 4.18. On July 29, 2014, the non-judicial foreclosure was completed when a Trustee's Deed was recorded. *Id.* ¶ 4.19.

## III. DISCUSSION

**A.    Motion to Dismiss**

Ocwen moves to dismiss Bess's claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. 24.

**1.    Rule 12(b)(6)**

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Generally, the scope of review on a motion to dismiss is limited to the contents of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court, however, may consider documents that are not attached to the complaint "if the

documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (internal quotation marks omitted). Bess references the Deed of Trust numerous times throughout her amended complaint. *See generally* FAC. Because the Deed of Trust's authenticity is not disputed and Bess's amended complaint necessarily relies on it, the Court will consider the Deed of Trust in connection with this motion.

### 2. Trespass, DTA, and Unjust Enrichment Claims

Bess repleads her claims for common law trespass, statutory trespass, violations of the DTA, and unjust enrichment. *Id.* ¶¶ 5.1–6.9, 8.1–8.5, 13.1–13.11. These claims are virtually identical to the claims the Court dismissed without leave to amend. *Compare id.* ¶¶ 5.1–6.9, 8.1–8.5, 13.1–13.11, *with* Comp. ¶¶ 5.1–6.9, 7.1–7.4, 11.1–11.10.

Bess acknowledges that these claims were dismissed without leave to amend, but argues that she repled these claims to preserve them on appeal. Dkt. 28 at 1. Bess, however, does not need to replead dismissed claims to preserve them on appeal. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, [the Ninth Circuit] will not require that they be repled in a subsequent amended complaint to preserve them for appeal."). The Court therefore grants Ocwen's motion and dismisses these claims with prejudice.

### 3. RCW 7.28.230 Claim

Bess brings a new claim under RCW 7.28.230, alleging that Ocwen's property preservation activities resulted in Ocwen's improper possession of her property. FAC ¶¶ 7.1–7.7. The addition of this claim violates Federal Rule of Civil Procedure 15(a) and

the Court's prior order, which granted Bess leave to amend only her CPA and breach of contract claims.  *See* Dkt. 22 at 11.  Dismissal of this claim is therefore appropriate.  *See U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

In any event, Bess fails to state a claim.  RCW 7.28.230 governs quiet title actions, which are "designed to resolve competing claims of ownership . . . [or] the right to possession of real property."  *Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001).  "If the [quiet title] action is against a purported lender or otherwise involves a deed of trust, a plaintiff must also allege facts demonstrating they have satisfied their obligations under the deed of trust."  *Borowski v. BNC Mortg., Inc.*, No. C12-5867, 2013 WL 4522253, at *4 (W.D. Wash. Aug. 27, 2013).  In this case, Bess has not asserted a quiet title claim against Ocwen.  Moreover, Bess cannot maintain a quiet title action because she admits that the loan obligations under the Deed of Trust became delinquent after Gary Bess's death.  *See* FAC ¶ 4.10.  The Court therefore grants Ocwen's motion to dismiss this claim with prejudice.

**4.     CPA Claims**

Bess asserts three CPA claims: (1) improper entry and property preservation activities; (2) violation of the DTA; and (3) violation of RCW 7.28.230.  *Id.* ¶¶ 9.1–11.8.  To state a claim under the CPA, a plaintiff must allege five elements: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) that affects the public interest; (4) which causes injury to the plaintiff in her business or property; and (5) the injury is causally linked to the unfair or deceptive act.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85 (1986).

In regards to Bess's CPA claim based on Ocwen's entry and property preservation activities, Bess fails to cure the deficiencies the Court previously identified. *See* Dkt. 22 at 8. Bess must plead specific facts to support each element of her CPA claim. The Court therefore dismisses this claim.

Bess fails to state a CPA claim based on violation of the DTA. Bess's amended claim is virtually identical to her original claim. *Compare* FAC ¶¶ 10.1–10.7, *with* Comp. ¶¶ 8.1–8.8. The Court previously dismissed this CPA claim because Bess failed to allege a plausible cause of action under the DTA and thus could not bring a CPA claim based on a DTA violation. Dkt. 22 at 8. The same result applies here. Accordingly, the Court dismisses this claim with prejudice.

Finally, Bess's CPA claim based on violations of RCW 7.28.230 violates Rule 15(a) and the Court's prior order. This claim is also deficient because Bess fails to state a claim under RCW 7.28.230 and thus cannot bring a CPA claim on this basis. The Court dismisses this claim with prejudice.

### 5. Breach of Contract Claim

Bess alleges that Ocwen breached the Deed of Trust because Ocwen did not act in good faith, did not act reasonably, and did not comply with Washington state law. FAC ¶¶ 12.1–12.18. In Washington, a breach of contract is actionable only if (1) the contract imposes a duty, (2) the duty is breached, and (3) the breach proximately caused damage to plaintiff. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712 (1995).

1    The Court dismissed Bess's original breach of contract claim because Bess failed
2 to identify a specific contractual provision that Ocwen breached. Dkt. 22 at 8. Bess's
3 amended breach of contract claim suffers from the same deficiency as her original claim.
4 Bess alleges that Ocwen had an "express duty to act reasonably" under the Deed of Trust.
5 FAC ¶ 12.3. In response to Ocwen's motion, Bess points to provisions in the Deed of
6 Trust that reference reasonableness. Dkt. 28 at 7–8. Bess, however, does not identify
7 these contractual provisions in her amended complaint. Bess's failure to do so is fatal to
8 her breach of contract claim. *See Elliot Bay Seafoods, Inc. v. Port of Seattle*, 124 Wn.
9 App. 5, 12 (2004). The Court grants Ocwen's motion to dismiss this claim.

10   **6.   Standing**

11   In its previous order, the Court determined that Bess failed to show that she has
12 standing to seek relief on behalf of the Estate. Dkt. 22 at 10. At the time of Ocwen's
13 entry and property preservation activities, the Estate did not own the Bess residence.
14 Gary Bess's interest in the Bess residence and all liabilities therein vested in Bess,
15 individually, upon Gary Bess's death.[1] Because all of the alleged acts in this case
16 occurred after Gary Bess's interest in the Bess residence vested in Bess, any harm to the
17 Bess residence was harm to Bess alone and not to the Estate.

---

[1] Gary Bess purchased the Bess residence before he married Bess. FAC ¶¶ 4.1–4.2. In Washington, "[p]roperty acquired before marriage is separate property." *In re Estate of Borghi*, 141 Wn. App. 294, 298 (2007). Bess has not alleged that the Bess residence was converted into community property. Because Gary Bess died intestate and Bess has not alleged that he was survived by issue, all of Gary Bess's "net separate estate" went to Bess, individually, as surviving spouse. RCW 11.04.015(1)(d). Similarly, Gary Bess's title in the Bess residence vested "immediately in [Bess] . . . subject to his . . . debts . . . and any other charges for which such real estate [was] liable under existing laws." RCW 11.04.250.

In her amended complaint, Bess again brings claims as an individual and as the personal representative of the Estate. FAC ¶ 1.1. Bess, however, does not set forth any new factual allegations regarding the Estate or her standing to bring claims on behalf of the Estate. The Court grants Ocwen's motion on this issue.

**B.    Leave to Amend**

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Gen. Dynamics*, 637 F.3d at 1058.

Bess requests leave to amend her (1) DTA claim, (2) unjust enrichment claim, (3) RCW 7.28.230 claim, and (4) CPA claim based on violations of RCW 7.28.230. Dkt. 28 at 6–7, 15. The Court previously dismissed Bess's DTA and unjust enrichment claims without leave to amend because those claims cannot be cured by any amendment. Dkt. 22 at 11. Bess offers no new facts or legal authority as to why the Court should reconsider its dismissal of those claims. *See* Local Rules, W.D. Wash. LCR 7(h). The Court therefore denies Bess leave to amend her DTA and unjust enrichment claims. In regards to Bess's RCW 7.28.230 claim and related CPA claim, Bess's proposed

amendments are futile for the reasons discussed above.  The Court denies Bess leave to amend these claims as well.  The Court also denies Bess leave to amend her CPA claim based on violations of the DTA because that claim cannot be cured by any amendment.

It nevertheless appears possible that Bess could cure the defects in her breach of contract claim and CPA claim based on Ocwen's entry and property preservation activities.  The Court therefore grants Bess leave to amend only these two claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Ocwen's motion to dismiss (Dkt. 29) is **GRANTED**.  Bess is **GRANTED leave to amend** her complaint as stated herein.  Bess shall file an amended complaint no later than June 12, 2015.  Failure to file an amended complaint will result in dismissal of this action.

Dated this 1st day of June, 2015.

BENJAMIN H. SETTLE  
United States District Judge