# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| NANCY BESS,<br><br>        Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>        Defendant. | CASE NO. C15-5020<br><br>ORDER REQUESTING SUPPLEMENTAL JOINT STATUS REPORT OR BRIEFING |

This matter comes before the Court on the parties' joint status report, filed April 24, 2018. Dkt. 45.

The parties' joint status report reveals a dispute that should be resolved promptly regarding the formulation of a phased discovery plan. Specifically, Plaintiff argues that a discovery plan should be implemented in a manner in which the precertification phase includes a class list that identifies all members of the putative class and allows broad discovery into all complaints made during the class periods, all complaints by members of the putative class, and all work orders completed (and relevant information about such work) during the class period. *See* Dkt. 45 at 8–9. Plaintiff also argues that such precertification discovery should also include a list of all Defendant's vendors and

clients, a representative sample of agreements and contracts with those clients and vendors, all documents pertaining to Defendant's use of vendors who were ordered to complete property preservation actions, as well as common policies and procedures governing vendor conduct and relating to property preservation activities. *Id.*

On the other hand, Defendant argues that Plaintiff has not pled any actual class claims in her operative complaint and that she is therefore not entitled to discovery related to class certification. Dkt. 45 at 3–4, 10. Alternatively, Defendant argues that the precertification phase should "be limited to discovery related to the named Plaintiff's individual claims and class certifications issues" and that Plaintiff's proposed plan is too broad in its precertification phase. Dkt. 45 at 10. The Court rejects Defendant's first argument that no allegations pertaining to class claims have been pled. The operative complaint plainly alleges that:

> [A]ll Plaintiffs own or owned real property in Washington State; subject to a loan owned or serviced by Ocwen; who, prior to completion of any judicial or non-judicial foreclosure, and without any express contemporaneous consent or permission of the Court, had their property entered upon by Ocwen and/or its agents; had some form of property preservation service performed upon their property; and/or were charged a fee for property preservation services.

Dkt. 23 at 4. While the operative complaint continues to describe in far more precise detail the alleged unlawful actions taken in regards to Plaintiff's loan, deed of trust, and property, it is further alleged that all such "actions and inactions were part of Ocwen's and/or its agents' pattern or general course of conduct." *Id.* at 9. It is abundantly clear that the operative complaint asserts all of its causes of action on behalf of the proposed class.

Defendant's second argument regarding Plaintiff's proposed discovery plan is more persuasive. Specifically, Defendant contends that Plaintiff's proposed precertification stage would improperly include "a class list identifying all putative class members and complaints/logs of complaints made by members of the putative class." Dkt. 45 at 11. The Court agrees that the expansive discovery Plaintiff requests regarding *all* complaints and logs of complaints made by members of the expansive class is unnecessarily burdensome for questions of class certification, but rather is best reserved for determining the merits of class claims if a class is certified. This is also true for Plaintiff's requests regarding *all* documents pertaining to Defendant's use of vendors in preservation actions, *all* work orders completed during the class period, and *all* class members' contact information. But that does not mean that no discovery should be granted into such evidence during the precertification stage. In fact, such information could be highly relevant in determining class size, typicality, and predominance. Unfortunately, Defendant offers no alternative explanation as to what specific discovery should be allowed during the precertification phase.

The Court is inclined to find that the best route for proceeding is to approve a discovery plan with a precertification phase that mirrors Plaintiff's proposed plan with a less expansive approach. For instance, the Court would likely approve discovery of a class list identifying all members of the putative class, but would not require that the list contain all members' contact information, work order information, and complaints. Instead, the list of names would be used to generate an appropriate representative sample, after which discovery would be allowed into this sample's contact information, work

orders, and complaints. Under this procedure, after the parties reached an agreement on an appropriate sample size, Plaintiff would randomly select that number of names from the class list. Depending on the number of vendors, the Court might consider a similar procedure for discovery into a vendor list and "documents relating to Ocwen's hiring, training, oversight, communications with evaluations of, termination or demotion of vendors who were ordered to complete property preservation actions in Washington . . . ." Dkt. 45 at 9.

In light of the forgoing, it is the Court's preference that the parties should meet, confer, and reach an agreement on a stipulated discovery plan. Nonetheless, should the parties fail to reach an agreement, the Court would request that the parties submit supplemental briefing regarding how discovery should proceed in order to best assist them in formulating an appropriate discovery plan. For instance, it is unclear from Plaintiff's allegations how large the proposed class or list of vendors are estimated to be or how the parties could arrive at an appropriate representative sample. Plaintiff has only vaguely suggested that the proposed class would include "thousands of other Washingtonians." Dkt. 45 at 2. Similarly, Defendant has not offered any substantive explanation as to why any particular aspect of Plaintiff's proposed precertification phase would result in unduly burdensome discovery, or what specific discovery should be allowed under its own proposal.

Therefore, the Court orders that the parties shall submit, no later than May 25, 2018, either (1) a **supplemental joint status report** with a stipulated phased discovery plan, or (2) **supplemental briefing** with disputed proposed discovery plans. Should the

parties submit supplemental briefing rather than a stipulated plan, they may submit

additional response briefs no later than June 1, 2018.

**IT IS SO ORDERED**.

Dated this 10th day of May, 2018.

                                              BENJAMIN H. SETTLE
                                              United States District Judge